IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| JAMES L. THOMAS | BANKRUPTCY NO. 21-20802-CMB |
| Debtor. | CHAPTER 13 |
| JAMES L. THOMAS, | |
| Movant, | |
| | Related to Doc. No.: 54 |
| vs. | |
| SENSIBLE AUTO FINANCE AND RONDA J. WINNECOUR, CHAPTER 13 TRUSTEE, | |
| Respondent. | |

**ANSWER OF SENSIBLE AUTO FINANCE TO DEBTOR'S MOTION SEEKING SANCTIONS FILED AT DOCUMENT NO. 54**

AND NOW comes Sensible Auto Finance (hereinafter "Sensible"), by and through its counsel, Thomas E. Reilly, Esquire and Thomas E. Reilly, P.C., with the following Answer to Debtor's Motion Seeking Sanctions:

1. Admitted.

2. Admitted.

3. Admitted in part. Denied in part. Sensible denies that the ignition interlock disabled the Debtor's car three times. The ignition interlock is a part of a PassTime system utilized by Sensible that also includes GPS tracking and monitoring of the vehicle. To the contrary and based upon the records kept in the ordinary course of Sensible's business and the business of Pass Time, the ignition interlock only disabled Debtor's car on two occasions. The first occasion occurred prior to Debtor commencing the bankruptcy case. On November 19,

2020, the vehicle was disabled. The vehicle was then enabled on November 20, 2020. After the commencement of Debtor's bankruptcy, the ignition interlock disabled the vehicle on August 26, 2021. On August 27, 2021 the Debtor's vehicle was enabled. Therefore, Debtor at most was unable to start his vehicle for 24 hours or less.

To the best of Sensible's information, the incident in August of 2021 resulted in Debtor filing the October 26, 2021 Motion for Sanctions. A Default Order was entered adjudicating Sensible liable for the sanctions in the amounts requested by the Debtor and the Sanctions requested were imposed. Debtor admits that Sensible paid the sanctions in full. Sensible's payment of the sanctions in the amount requested by the Debtor compensated Debtor for any loss (Sensible denies that Debtor sustained any loss) that Debtor may have incurred as a result of the disabling of his vehicle in August 2021. Further request for sanctions or compensation arising from the incident of August 26, 2021 is barred by res judicata and claim preclusion.

After reasonable investigation, Sensible is unable to determine the truth of the remaining averments contained in Paragraph 3 that pertain to Debtor's job. Said averments are, therefore, denied. However, the Trustee's records and Debtor's disclosures indicate that the Debtor was not an employee of any company. Rather, Debtor was an independent contractor paid by a 1099.

4.   Denied. After reasonable investigation, Sensible is unable to determine the truth of the averments contained in Paragraph 4 that pertain to the alleged loss of employment. However, the Trustee's records and Debtor's disclosures indicate that the Debtor was not an employee of any company. Rather, Debtor was an independent contractor paid by a 1099. Sensible specifically denies that it "interlocked" Debtor's car at least three times in December 2021, January 2022, or February 2022. Furthermore, and to the contrary, Sensible deactivated the ignition interlock function of the Pass Time system as a result of the October 2021 Motion for

Sanctions. While the GPS and Vehicle Monitoring functions of the Pass Time system continue to operate, the ignition interlock function was disengaged and has not operated since it was deactivated. The ignition interlock function of the Pass Time System was not operating in December 2021, January 2022 or February 2022 and did not disable Debtor's vehicle after August 26, 2021. Sensible is not responsible for Debtor's inability to operate his vehicle as alleged.  After reasonable investigation, Sensible is unable to determine whether Debtor is in fact "experiencing trauma and stress" as alleged. Said averment is denied.  To the extent that Debtor has experienced such trauma and stress, which is denied, that trauma and stress is not the result of any action or conduct of Sensible.  To the extent that the trauma and stress may have arisen as the result of the August 26, 2021 disablement of Debtor's vehicle, a Default Order was entered adjudicating Sensible liable for the sanctions in the amounts requested by the Debtor and the Sanctions requested were imposed. Debtor admits that Sensible paid the sanctions in full. Sensible's payment of the sanctions in the amount requested by the Debtor compensated for any loss (Sensible denies that Debtor sustained any loss) that Debtor may have incurred as a result of the disabling of his vehicle in August 2021. Further request for sanctions or compensation arising from the incident of August 26, 2021 is barred by res judicata and claim preclusion.

.    5.    Admitted in part.  Denied in part.  Sensible admits that it did not obtain relief from stay with respect to the ignition interrupt that occurred on August 26, 2021 which was the subject of Debtor's October 26, 2021 Motion for Sanctions.  A Default Order was entered adjudicating Sensible liable for the sanctions in the amounts requested by the Debtor and the Sanctions requested were imposed. Debtor admits that Sensible paid the sanctions in full. Sensible's payment of the sanctions in the amount requested by the Debtor compensated for any loss (Sensible denies that Debtor sustained any loss) that Debtor may have incurred as a result of

the disabling of his vehicle in August 2021. Further request for sanctions or compensation arising from the incident of August 26, 2021 is barred by res judicata and claim preclusion. Sensible did not disable Debtor's vehicle during the months of December 2021, January 2022 or February 2022 as claimed by Debtor.

      6.      Admitted in part. Denied in part. The Trustee's records disclose the amount of funds paid by Debtor. Debtor's initial payment was $1,775.00, which Debtor never paid. The payment was adjusted to $1,448.00 and accounted for payments in that amount made in June, July, and August of 2021. Debtor did not make another payment until December 2021 when the sum of $1,500.00 was paid. To the extent that the interruption in Debtor's payments was a consequence of the disablement of Debtor's car on August 26, 2021, a Default Order was entered adjudicating Sensible liable for the sanctions in the amounts requested by the Debtor and the Sanctions requested were imposed. It is admitted that Sensible paid the sanctions in full. Sensible's payment of the sanctions in the amount requested by the Debtor compensated Debtor for any loss (Sensible denies that Debtor sustained any loss) that Debtor may have incurred as a result of the disabling of his vehicle in August 2021. Further request for sanctions or compensation arising from the incident of August 26, 2021 is barred by res judicata and claim preclusion.

      Sensible's ignition interlock did not disable Debtor's vehicle after August 26, 2021. Debtor's delay in plan payments was not caused by any conduct of Sensible. If Debtor's inability to make payment was a result of the disablement of the vehicle on August 26, 2021, which Sensible denies, a Default Order was entered adjudicating Sensible liable for the sanctions in the amounts requested by the Debtor and the Sanctions requested were imposed. It is admitted that Sensible paid the sanctions in full. Sensible's payment of the sanctions in the amount

requested by the Debtor compensated Debtor for any loss (Sensible denies that Debtor sustained any loss) that Debtor may have incurred as a result of the disabling of his vehicle in August 2021. Further request for sanctions or compensation arising from the incident of August 26, 2021 is barred by res judicata and claim preclusion.

    WHEREFORE, Respondent, Sensible Auto Finance, respectfully requests that the Court deny the relief requested by Debtor.

                                            THOMAS E. REILLY, P.C.

BY:      /s/ Thomas E. Reilly
           Thomas E. Reilly, Esquire
           Pa. I.D. #25832
           1468 Laurel Drive
           Sewickley, PA 15143
           (724) 933-3500
           tereilly@tomreillylaw.com